## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **MICHAEL JUSTIN PARKINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-14-72-M** |
| | ) | |
| **LOGAN COUNTY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Michael Justin Parkins, a state prisoner appearing pro se and proceeding *in forma pauperis*, brings this action under 42 U.S.C. § 1983, alleging violations of his federal constitutional rights during his incarceration at the Logan County Jail ("LCJ") in Guthrie, Oklahoma. The matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636. Having reviewed Plaintiff's Amended Complaint (Doc. No. 7), the undersigned recommends that Plaintiff's action be dismissed for failure to state a claim upon which relief may be granted.[1]

---

[1] On January 27, 2014, Plaintiff was ordered to provide certain information, required by local rule, that was missing from his Complaint. *See* Order, Doc. No. 5. Plaintiff filed an Amended Complaint on February 10, 2014, to cure identified deficiencies. *See* Am. Compl., Doc. No. 7. Plaintiff's Complaint and Amended Complaint do not differ substantively, and, thus, the analysis in this Report and Recommendation could apply equally to the allegations in either pleading. For simplicity and because an amended complaint typically supersedes a prior pleading, reference is made throughout only to Plaintiff's Amended Complaint.

SUMMARY OF PLEADINGS

Mr. Parkins brings this lawsuit against "Logan County" as the sole Defendant. Am. Compl., Doc. No. 7, at 1. Mr. Parkins divides his allegations into three counts as detailed below.

In Count I of his Amended Complaint, Mr. Parkins alleges: "constant and continuous denial and lack of law library"; "violation of due process"; "dishonesty of court appointed attorneys"; and "inability to hold[,] have or correctly pursue [his] constitutional right to writ of habeas corpus, access courts or correspond confidentially with attorneys." Am. Compl. at 3 (capitalization altered). Mr. Parkins supports these allegations by stating that "Logan County has no law library for detainees"; he submitted a grievance to a bar association; and "on or around the 6th of December [he] turned in a handwritten pet[i]tion for writ of [habeas] corpus . . . [that] has not been responded to or addressed formally." *Id.* (capitalization altered).

In Count II, Mr. Parkins alleges "physical, sexual and mental abuse [he] consider[s] to be cruel and unusual" and "personal and unprofessional treatment by person[n]el." Am. Compl. at 3 (capitalization altered). In support of these allegations, Mr. Parkins describes three events occurring at LCJ. First, Mr. Parkins alleges that on April 16th he was sexually assaulted by "L. Hudson, a[n] employee of Logan County" during a search.[2] *Id.* (capitalization altered). Specifically, Mr. Parkins alleges that L. Hudson "credit carded" him, which Mr. Parkins "believe[s] to be unorthodox in

---

[2] Mr. Parkins does not specify the year in which this alleged sexual assault occurred.

comparison to normal 'squat and cough' procedures." *Id.* (capitalization altered).

Second, Mr. Parkins alleges that on June 18, 2013, he was physically assaulted by

"Captain Freeborn" and two other staff members whose identities are not known by Mr.

Parkins. *Id.* (capitalization altered). Specifically, Mr. Parkins alleges that he awoke

suddenly when one or more of these staff members dragged him from his top bunk,

causing him to fall about four feet to the concrete floor, after which he was "stuck

repeatedly."[3] *See id.* (capitalization altered). Mr. Parkins further alleges that he "was

then drug 30 or 40 feet to a restraint chair and left for hours [and] then placed in

isolation." *Id.* (capitalization altered). Third, Mr. Parkins alleges that from August 4,

2013, until August 16, 2013, he was denied hygiene items and other supplies including

"soap, paper, pencils[,] court document, eating utensils, cup, toothpaste and brush[,]

books rec or communication." *Id.* (capitalization altered).

Finally, in Count III, Mr. Parkins makes a series of allegations: "falsely charging,

slander, loss of life liberty pursuit of happ[i]ness, mental and emotional turmoil directly

related to the false charges[,] loss of financial gain due to disposition of allegations[, and]

time lost in process." Am. Compl. at 4 (capitalization altered). In support of these

allegations, Mr. Parkins states that he was "a[c]quitted of felony charges on March 20[,]

2012," and that the charges in a state criminal proceeding, identified as No. CF-2013-

---

[3] It is unclear whether Mr. Parkins intended to state that he was *struck* (as in hit) repeatedly or – consistently with his spelling – *stuck* (as in poked) repeatedly. Resolving this discrepancy, however, is unnecessary for analysis of Mr. Parkins' claims.

101, were "dropped upon furth[e]r evaluation of pre-liminary transcripts." *Id.* (capitalization altered).

For the above allegations, Mr. Parkins seeks: the cost of this lawsuit; court costs he owes to Logan County; lost wages during incarceration; compensatory damages for alleged slander and mental health issues; his wallet along with its contents held by the Guthrie Police Department; and dismissal of "all current criminal charges." *See* Am. Compl. at 5.

## ANALYSIS

### A. *The Court's Screening Obligation*

The Court must review each complaint brought by a prisoner (1) with respect to prison conditions; (2) seeking redress against a governmental entity, officer, or employee; or (3) who is proceeding *in forma pauperis*. *See* 42 U.S.C. § 1997e(c)(1); 28 U.S.C. §§ 1915A(a), 1915(e)(2)(B). In such circumstances, the Court is required to dismiss a complaint or any portion of a complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c)(1); 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

### B. *Stating a Plausible Claim to Relief Pursuant to 42 U.S.C. § 1983*

Although the Court construes a pro se litigant's pleadings liberally, no litigant is exempt from compliance with applicable procedural rules. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). To state a claim upon which relief may be granted, procedural rules require a plaintiff's complaint to contain "a short and plain statement of

4

the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint fails to state such a claim when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citation and footnote omitted). Bare legal conclusions in a complaint are not assumed to be true; legal conclusions "must be supported by factual allegations" to state a claim upon which relief may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

"[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (noting that although courts construe pro se pleadings liberally, courts "will not supply additional factual allegations to round out a plaintiff's complaint"). Whether a complaint contains sufficient facts to avoid dismissal is context-specific and is determined through a court's application of "judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *see also Kay*, 500 F.3d at 1218 (indicating that court uses same analysis for complaint's sufficiency whether performed sua sponte or pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)).

*C. Whether Logan County is a Proper Defendant*

Here, the sole defendant named in the Amended Complaint is Logan County. A county typically is sued by naming either the relevant board of county commissioners, as prescribed by Oklahoma law, or an official policymaker in his or her official capacity, as a defendant. *See*, *e.g.*, Okla. Stat. tit. 19, §§ 1, 4; *Lopez v. LeMaster*, 172 F.3d 756, 762-63 (10th Cir. 1999). Thus, in naming "Logan County" as the defendant in this action, Mr. Parkins has named an improper defendant to this suit. *See* Fed. R. Civ. P. 17(b)(3), (d). Mr. Parkins' claims should be dismissed on that basis.

*D. Whether the Substantive Allegations in Mr. Parkins' Complaint Are Sufficient to State a Plausible Claim to Relief Pursuant to § 1983*

Even if Mr. Parkins had properly sued Logan County through its board of county commissioners or through an official policymaker, he still would be required to establish the substantive elements of a claim under 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege sufficient facts to plausibly show *both*: (1) a violation of a right secured by the Constitution or laws of the United States, and (2) that the violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is not sufficient to establish only that a federal right was violated. The plaintiff must allege facts to plausibly establish a causal connection between an alleged violation of a federal right and each defendant. *See Iqbal*, 556 U.S. at 676; *Pahls v. Thomas*, 718 F.3d 1210, 1225, 1226, 1228 (10th Cir. 2013). Further, a defendant cannot be vicariously liable under § 1983 for the acts of another; each defendant must be sufficiently connected

to the violation, as detailed below.  *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 768 (10th Cir. 2013).

A suit against a county rests on municipal liability.  To establish municipal liability under § 1983, a plaintiff must first identify an official policy or custom of the municipality, whether enacted or maintained by its legislative body or an authorized decisionmaker.  *Id.* at 769-70.  "A challenged practice may be deemed an official policy or custom for § 1983 municipal-liability purposes if it is a formally promulgated policy, a well-settled custom or practice, a final decision by a municipal policymaker, or deliberately indifferent training or supervision."  *Id.* at 770.

After identifying such an official policy or custom, the plaintiff must then allege facts to establish that the policy or custom either (1) directly violated a federal right of the plaintiff, or (2) was the "moving force" behind a county employee's violation of a federal right of the plaintiff.[4]  *Id.*  Finally, a plaintiff must allege facts "to show that the policy

---

[4] Because a municipality cannot be vicariously liable under § 1983 for the acts of an employee, "rigorous standards of culpability and causation must be applied" when "a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so."  *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 405 (1997).  For instance, if a plaintiff alleges a municipality is liable under § 1983 based on deliberately indifferent training, the plaintiff must allege facts to establish that

> the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the [municipality] can reasonably be said to have been deliberately indifferent to the need.  In that event, the failure to provide proper training may fairly be said to represent a policy for which the [municipality] is responsible, and for which the [municipality] may be held liable if it actually causes injury.

*City of Canton v. Harris*, 489 U.S. 378, 390 (1989) (footnote omitted).

was enacted or maintained with deliberate indifference to an almost inevitable constitutional injury." *Id.* at 769, 770-71. Thus, for each claim of municipal liability, the plaintiff must establish three elements: (1) official policy or custom, (2) causation, and (3) state of mind. *Id.* at 769.

### 1. Count I

Mr. Parkins alleges in Count I that he has been denied access to a law library because Logan County does not provide a law library for detainees. Am. Compl. at 3. Mr. Parkins also alleges that his court-appointed attorneys have been dishonest and that he "turned in" a handwritten petition for a writ of habeas corpus but had not received a response as of the time he filed his Amended Complaint in February 2014. *See id.*

To establish Logan County's liability for a federal rights violation stemming from these allegations, Mr. Parkins first must identify an official policy fairly attributable to the County. *See Schneider*, 717 F.3d at 769-70. Arguably, the County's alleged decision not to provide a law library to prisoners at LCJ constitutes an official policy. Having identified a policy, Mr. Parkins next must allege facts to establish causation, i.e., that this policy either (1) directly violated one of his federal rights, or (2) was the "moving force" behind a county employee's violation of one of his federal rights. *See id.*

Mr. Parkins alleges in Count I that his right of access to the courts has been violated. *See* Am. Compl. at 3; *see also id.* at 2 (providing overview of general allegations). Prisoners have a "fundamental constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). *But cf. Lewis v. Casey*, 518 U.S. 343, 350-51 (1996) (emphasizing that this right can be satisfied in variety of forms and does not

impose specific requirements on prisons); *Harrell v. Keohane*, 621 F.2d 1059, 1060-61 (10th Cir. 1980) (explaining that fundamental right of access to courts does not include right to free unlimited resources in pursuit of legal claims). To state a claim that one's right to court access has been violated, a plaintiff must first allege facts to establish a nonfrivolous underlying cause of action that he or she was prevented from pursuing based on the defendant's actions. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *see also Lewis*, 518 U.S. at 351-52 (describing right as "meaningful access to the courts" with deprivation established through actual injury).

To the extent Mr. Parkins is asserting that Logan County's alleged policy not to provide a law library at LCJ violated his right of access to the courts, such claim fails because he has identified no nonfrivolous cause of action that he has been prevented from pursuing based on this policy. *See Christopher*, 536 U.S. at 415; *Lewis*, 518 U.S. at 351-52. Thus, the policy cannot be said to have violated his right of access to the courts, either directly or as the moving force behind an employee's violation of that right.

Further, as to Mr. Parkins' allegations that his court-appointed attorneys have been dishonest, he does not present facts to connect this alleged dishonesty with an official policy of the County—the only Defendant—nor does he, in turn, connect this allegation with a federal rights violation, including a right of access to the courts. Similarly, in his allegation that he "turned in" a handwritten habeas petition to which he has received no response, Mr. Parkins does not present facts to connect the allegation with an official

9

policy of the County, nor does he connect it with a federal rights violation, including a right of access to the courts.[5]

Thus, Mr. Parkins has failed to allege sufficient facts to establish a violation of his federal rights and, in turn, has failed to establish a causal connection between the County's policy and any such violation. Because Mr. Parkins has failed to establish this element of municipal liability as to his claims in Count I, this portion of his Amended Complaint should be dismissed for failure to state a claim upon which relief may be granted.[6] *See* 42 U.S.C. § 1997e(c)(1); 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

2. Count II

In Count II, Mr. Parkins alleges his rights were violated through physical encounters on two occasions with staff members at LCJ and through a denial of hygiene items and other supplies during an approximately two-week period. *See* Am. Compl. at 3. Again, to establish Logan County's liability for a violation of his federal rights

---

[5] From Mr. Parkins' use of the phrase "turned in," it is not clear where or to whom he submitted the alleged handwritten habeas petition, and he provides no facts in that regard. The undersigned reviewed filings in the federal courts' national electronic database, PACER, and found no habeas petition filed by Mr. Parkins. The undersigned also reviewed the public information on court filings in Logan County involving Mr. Parkins, as available through www.oscn.net, and found no indication that a habeas petition had been submitted by him to the state court.

[6] As to the allegation of a "violation of due process" in Count I, Mr. Parkins does not include any factual allegations clearly supporting this alleged deprivation, much less connecting the deprivation to an official policy of the County. *See* Am. Compl. at 3. Accordingly, to the extent Mr. Parkins is attempting to bring a separate claim pertaining to an alleged due process violation, the claim lacks sufficient factual support and also should be dismissed for failure to state a claim upon which relief may be granted. *See Iqbal*, 556 U.S. at 679.

stemming from these allegations, Mr. Parkins first must identify an official policy fairly attributable to the County. *See Schneider*, 717 F.3d at 769-70. As noted, such official policies include those formally promulgated policies, well settled customs or practices, final decisions by municipal policymakers, and deliberately indifferent training or supervision. *See id.* at 770.

In Count II, Mr. Parkins does not identify any formally promulgated policy of the County, nor does he identify a final decision by a municipal policymaker as the basis for liability. *See* Am. Compl. at 3. As noted, Mr. Parkins' allegations involve three scenarios: being "credit carded" by L. Hudson, which Mr. Parkins describes as "unorthodox in comparison to normal 'squat and cough' procedures"; being physically assaulted by Captain Freeborn and two unknown staff members; and being denied hygiene items and other supplies by unspecified individuals. *See id.* Without more, such isolated and factually distinct incidents do not support an inference that a well settled custom or practice of Logan County was involved; nor do the factual allegations support an inference that Logan County was deliberately indifferent in its training or supervision.[7] *See Schneider*, 717 F.3d at 770; *City of Canton*, 489 U.S. at 390; *see also supra* note 4. Because Mr. Parkins has not alleged facts to establish the first element of municipal liability as to his claims in Count II, this portion of his Amended Complaint

---

[7] Further, Mr. Parkins' factual allegations do not sufficiently distinguish his claims from an attempt to impose vicarious liability upon the County for actions of the County's employees, which is not permitted under § 1983. *See Schneider*, 717 F.3d at 768, 769.

should be dismissed for failure to state a claim upon which relief may be granted. *See* 42 U.S.C. § 1997e(c)(1); 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

3. Count III

In Count III, as noted, Mr. Parkins makes a series of allegations: "falsely charging, slander, loss of life liberty pursuit of happ[i]ness, mental and emotional turmoil directly related to the false charges[,] loss of financial gain due to disposition of allegations[, and] time lost in process." Am. Compl. at 4 (capitalization altered). Mr. Parkins supports these allegations by stating that he was acquitted of certain criminal charges and that other charges against him were dismissed. *See id.*

To the extent Mr. Parkins alleges in Count III that Logan County violated one or more of his federal rights, he again has failed to identify an official policy fairly attributable to the County, as required for municipal liability, and this portion of his Amended Complaint should be dismissed for failure to state a claim upon which relief may be granted. *See Schneider*, 717 F.3d at 770; 42 U.S.C. § 1997e(c)(1); 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). To the extent Mr. Parkins alleges state-law claims in Count III, the undersigned addresses the Court's jurisdiction over such claims below.

*E. Mr. Parkins' State-Law Claims and the Court's Supplemental Jurisdiction*

At this point, the undersigned has concluded that Mr. Parkins has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Because Mr. Parkins may be asserting state-law claims in his Amended Complaint, the undersigned now briefly addresses the Court's jurisdiction over such claims. Both parties appear to be citizens of Oklahoma; therefore there is no diversity of citizenship within the meaning of

28 U.S.C. § 1332. *See* Am. Compl. at 1. Further, to the extent Mr. Parkins asserts any state-law claims, he raises no apparent federal question within the meaning of 28 U.S.C. § 1331. Thus, the Court does not have original jurisdiction over these non-federal claims. If the Court adopts the undersigned's recommendation that Mr. Parkins' § 1983 claims be dismissed, any supplemental jurisdiction the Court may exercise over strictly state-law claims is discretionary. *See* 28 U.S.C. § 1367(c)(3). The undersigned recommends that the Court decline to exercise such jurisdiction.

*F. Opportunity to Amend*

With respect to claims that the undersigned recommends be dismissed for failure to state a claim upon which relief may be granted, the undersigned further recommends that the dismissal be without prejudice and that Mr. Parkins be granted permission to file a second amended complaint. *See* Fed. R. Civ. P. 15(a)(2). It is possible that Mr. Parkins could cure the deficiencies in his claims through additional allegations consistent with the discussion above or through the naming of additional defendants, or both.

RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Plaintiff's Amended Complaint be dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983 and that the Court decline to exercise supplement jurisdiction over any state-law claims asserted. The undersigned further recommends that Plaintiff be granted leave to file a second amended complaint to address factual deficiencies identified in his claims.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by May 21, 2014, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation does not terminate the referral in the present case.

ENTERED this 30th day of April, 2014.

_____

CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE